

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 22, 1972

Hon. A. M. Aiken, Jr., Chairman
Senate Finance Committee
    and
Hon. Bill Finck, Chairman
House Appropriations Committee
Capitol Station
Austin, Texas   78711

Gentlemen:

Opinion No. M- 1164

Re: Authority of the Legis-
    lature to appropriate funds
    from the Texas Parks Fund
    No. 31 for the purpose of
    planning for statewide
    development of all park
    lands within the State.

        You have requested our opinion concerning whether there
is pre-existing law to support a proposed appropriation of funds
from the Texas Parks Fund No. 31 to the Texas Parks and Wildlife
Department for the purpose of planning for the statewide development
of all park lands within the State.

        The particular language reads as follows:

        "PARK DEVELOPMENT:

        "State Comprehensive Outdoor Recreational
        Plan--For updating Texas' comprehensive outdoor
        recreational plan, including personnel services,
        classified personnel, travel and other expenses."

        Texas Parks Fund No. 31 is created by the provisions of
Article 7.06(3)(a), Title 122A, Taxation-General, Vernon's Civil
Statutes, which provides in part:

        "Fifty cents of the tax levied under this
        Article on each 1,000 cigarettes shall be credited
        to a new special fund known as the Texas Parks Fund
        which may be used by the Parks and Wildlife Depart-
        ment for the acquisition, planning, and development
        of state parks and historic sites. . . ." (Emphasis
        added.)

        Article 6081r, Vernon's Civil Statutes, provides for the
planning and development of outdoor recreational resources and

-5676-

specifically authorizes the Parks and Wildlife Department to co-
operate with the Federal government in programs for the planning,
acquisition, operation and development of the outdoor recreational
resources of the State. Certain portions of Article 6081r are
particularly relevant. Sec. 2 reads:

"The Parks and Wildlife Department is au-
thorized and empowered to prepare, maintain, and
keep up-to-date a state-wide comprehensive plan
for the development of the outdoor recreation
resources of the State of Texas; to develop,
operate, and maintain outdoor areas and facilities
of the state and to acquire land, waters, and
interests in land and waters for such areas and
facilities."

A portion of Sec. 3 reads:

"The Parks and Wildlife Department is au-
thorized to apply to any appropriate agency or
officer of the United States for participation
in or the receipt of aid from any Federal program
as now provided by law or as may hereafter be
provided respecting outdoor recreation. The
Parks and Wildlife Department is authorized to
enter into contracts and agreements with the
United States or any appropriate agency thereof
for the purpose of planning, for acquisition of,
and development of outdoor recreation resources
of the state in conformity with the provisions of
the 'Land and Water Conservation Fund Act of
1965' and any Amendments thereto, and in con-
formity with any other Federal Act the purpose
of which is the development of outdoor recreation
resources of the state.    . . .

"In order to obtain the benefits of any
such programs, the Parks and Wildlife Department
shall coordinate its activities with and represent
the interests of all agencies and political sub-
divisions of the State of Texas including as a
part of a state plan cities, counties, water
districts, river authorities, and special districts

in outdoor recreation having interests in
the planning, development, acquisition, op-
eration, and maintenance of outdoor recreation
resources and facilities."

It seems obvious that in order for the State to properly
plan for the expenditure of its own moneys in such manner as to
best satisfy the need of the public for parks and recreational
facilities, the State must be able to take into account in its
planning what is available to the public from other sources.  It
also seems obvious that proper planning would encourage the State
and local authorities to coordinate their efforts to serve the
public.  The planning of State parks and recreational areas nec-
essarily includes consideration of parks and recreational facilities
of cities, counties and other units of government.

Section 44 of Article III of the Constitution of Texas
requires an appropriation to be supported by pre-existing law.  An
appropriation for the purpose of planning for the statewide develop-
ment of all park lands is within the purpose authorized by Article
7.06(3)(a) of Title 122A, Taxation-General and Article 6081r, Ver-
non's Civil Statutes.

You are therefore advised that the proposed appropriation
would be supported by pre-existing law.

### S U M M A R Y

An appropriation for the purpose of planning
for statewide development of all park lands is
supported by pre-existing law.  Art. 7.06(3)(a),
Title 122A, Taxation-General and Art. 6081r, both
of Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Pat Bailey
Harriet Burke
James Quick
John Banks

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant